Michael A. Simmrin (238092)
Simmrin Law Group
3500 W. Olive Avenue, Suite 300
Burbank, CA 91505
Tel.: (818) 827-7171
michael@simmrinlawgroup.com
Debi F. Chalik, Esq. (Pro Hac Vice Pending) (Florida Bar No. 179566)
CHALIK & CHALIK, P.A.
10063 N.W. 1st Court
Plantation, Florida 33324
Tel.: (954) 476-1000
Fax: (954) 472-1173
Debi@Chaliklaw.com
Litigation@Chaliklaw.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES

| KAREN WILLIAMS, as PERSONAL REPRESENTATIVE OF THE ESTATE OF DONALD SATTLER,<br><br>Plaintiff,<br><br>v.<br><br>PRINCESS CRUISE LINES LTD.,<br><br>Defendant. | Case No. 2:20-cv-06889 |
|---|---|

**COMPLAINT AND JURY DEMAND**

Plaintiff, KAREN WILLIAMS, as Personal Representative of the Estate of Donald Sattler, by and through their undersigned counsel, hereby sues Defendant,

PRINCESS CRUISE LINES LTD. (hereinafter, "PRINCESS"), and alleges as follows:

**THE PARTIES AND JURISDICTION**

1. This is an action seeking damages in excess of $1,000,000.00 (One Million Dollars) exclusive of interest, costs and attorney's fees.

2. This Court has diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as this is a civil action in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state.

3. This Court also has Admiralty subject matter jurisdiction pursuant to 28 U.S.C. § 1333 as this case involves a maritime tort. The type of incident and injuries suffered by Plaintiff had the potential to impact maritime commerce as Plaintiff was at serious risk of imminent harm as a result of being exposed to the Coronavirus running rampant aboard the cruise ship upon which he was a paying passenger.

4. Plaintiff, KAREN WILLIAMS is sui juris, is a resident of Sandoval County, New Mexico, and she is Personal Representative of the ESTATE OF DONALD SATTLER's Estate, pursuant to New Mexico Wrongful Death Act NMSA 1978 §41-2-1 *et. seq.* *See attached Order of Appointment of Personal Representative Pursuant to the New Mexico Wrongful Death Act, NMSA as Exhibit "A".*

5. DONALD SATTLER was a passenger onboard the cruise ship, GRAND PRINCESS, was a resident of Bernalillo County, New Mexico, and he died on or about April 4, 2020, in Cobb County, Georgia, as a result of contracting COVID-19 while onboard the GRAND PRINCESS, and had the following survivors:

Karen Williams, Decedent's daughter, whose date of birth is February 24, 1959

6. Princess Cruise Lines LTD. is incorporated in Bermuda, with its headquarters in Santa Clarita, California. The action is being filed in this Court pursuant to the terms and conditions of the Passenger Contract issued by Defendant, Princess Cruise Lines Ltd.

7. At all times hereto, PRINCESS owned and operated the cruise ship the Grand Princess.

8. This Court has personal jurisdiction over PRINCESS as PRINCESS' principle place of business is located in Los Angeles County, Los Angeles.

9. PRINCESS conducts substantial business within the state of California, including operating cruises from ports in San Francisco, San Diego and Los Angeles.

10. PRINCESS markets cruise vacations to Californian residents and employs thousands of Californian residents to work at its California headquarters.

11. Plaintiff, DONALD SATTLER, now deceased, was a passenger aboard the Grand Princess which departed out of San Francisco on February 21, 2020 and

had been quarantined on said ship through Wednesday, March 11, 2020, as a result of an outbreak of COVID-19.

## FACTUAL BACKROUND

In the recent months, there has been a worldwide outbreak of a new strain of the Corona virus, commonly known as COVID-19. The virus began in China in December 2019, and has quickly spread throughout Asia, Europe and most recently, North America. The virus causes temperature, a dry cough, and can be fatal. There have been over One Hundred Thousand cases worldwide and over Three Thousand deaths as result of COVID-19. Those fatalities have largely been amongst the elderly population, and those with underlying medical complications.

COVID-19 really gained the attention of the public when the Diamond Princess Cruise ship, also owned and operated by Defendant, suffered an outbreak of the disease at the beginning of February 2020 in Yokohama, Japan. The outbreak began with ten cases, and rapidly multiplied to seven hundred cases, as a result of the flawed two week quarantine on the ship. The Center for Disease Control, (CDC) issued a statement on February 18, 2020, that “the rate of new reports of positives new on board, (Diamond Princess), especially among those without symptoms, highlights the high burden of infection on the ship and potential for ongoing risk.” Seven of Defendant’s passengers died as a result of COVID-19.

It would only stand to reason, that having experienced such a traumatic outbreak on board one of its vessels less than a month prior to the current voyage on board the Grand Princess, that the Defendant would have learned to take all necessary precautions to keep its passengers, crew and the general public safe. Unfortunately, the Defendant PRINCESS did no such thing, which is why Plaintiff contracted COVID-1 on its ship and died.

**COUNT I**

**(NEGLIGENCE AGAINST PRINCESS)**

Plaintiffs re-allege all allegations in paragraphs 1 through 11 above as if alleged fully herein.

12. PRINCESS owed Plaintiff, who was a paying passenger, who boarded the Grand Princess on February 21, 2020, the duty to ensure that he would not be exposed to unreasonable risk of harm that Defendant knew or should have known about while sailing on its vessel.

13. Defendant's corporate office was aware of at least two passengers who disembarked its ship on February 21, 2020 in San Francisco, had symptoms of the Coronavirus. It went as far as to send emails on Wednesday February 25, 2020, to

passengers who disembarked the Grand Princess on February 21, 2020, notifying them of the potential of exposure to the coronavirus while onboard their cruise.

14. To make matters even worse, there were sixty-two passengers on board the Plaintiff's cruise, who were also on the prior voyage, who were exposed to the passengers that were confirmed to be infected, and later died.

15. In continuing to sail with another three thousand passengers, including DONALD SATTLER, now deceased, on February 21, 2020, knowing that some of those passengers and crew had already been exposed to COVID-19, the Defendant, PRINCESS had exposed DONALD SATTLER to said disease resulting in his untimely death.

16. Defendant is further negligent in failing to have proper screening protocols for COVID-19 prior to boarding the passengers on Plaintiff's voyage. Despite the knowledge and experience Defendant's corporate office had with the outbreak of the disease on the Diamond Princess just a mere three weeks prior to the instant case, Defendant did not have proper screening protocol in place to minimize the risk of exposure of the disease to its passengers and crew.

17. Prior to boarding the February 21, 2020 sailing on the Grand Princess, passengers were simply asked to fill out a piece of paper confirming they were not sick. Not one passenger was questioned, let alone examined in any capacity. Incredibly, not one of those sixty two passengers or crew members who were mixing and mingling with the infected prior passengers were ever examined during the

instant voyage until being tested for the virus on Thursday March 5, 2020, two weeks after the ship sailed.

18. As a result of the Defendant's lackadaisical approach to the safety of Plaintiff, its passengers and crew aboard the Grand Princess, Plaintiff, DONALD SATTLER, contracted COVID-19 and ultimately resulted in his untimely death.

19. Finally, Defendant PRINCESS' corporate office is negligent in failing to adequately warn Plaintiff about the potential exposure to COVID-19 prior to boarding the ship on February 21, 2020, and again during the sailing of said cruise. Defendant had actual knowledge of at least two passengers who sailed on its ship the week prior, disembarked with symptoms of coronavirus, and one confirmed death as a result. Defendant also knew that there were sixty two passengers and crew who were onboard that same sailing, who were on board with DONALD SATTLER, and failed to inform DONALD SATTLER, **at any time prior to boarding or while he was already onboard**, that there was an actual risk of exposure to COVID-19. In addition, PRINCESS failed to inform Plaintiff that a crew member aboard his cruise had actually disembarked in Hawaii as a result of Coronavirus.

20. If Plaintiff had knowledge of this actual risk of exposure prior to boarding, he would have never boarded the ship. If he was informed of the risk on February 25, 2020, when the former passengers were notified by email, Plaintiff would have disembarked at the first port of call in Honolulu on Feb 26, 2020. Due to Defendant's outright negligence in failing to warn Plaintiff, DONALD SATTLER,

of the actual risk of exposure to COVID-19 aboard its infected ship, Mr. Sattler was quarantined in his cabin along with the rest of the passengers and crew, off the coast of San Francisco, anxiously awaiting his fate, until he was transferred to Dobbins Air Force Base located in Georgia, where he remained quarantined until he was transferred to Wellstar-Kennestone Hospital in Marietta, Georgia, wherein he ultimately died on April 4, 2020 due to COVID-19.




21. As a direct and proximate result of the negligence alleged above, DONALD

SATTLER was pronounced dead on April 4, 2020. The Estate and its survivors have suffered and will continue to suffer the following damages.

a. Loss of prospective net accumulations;

b. Medical and funeral bills and expenses charged to the Estate;

c. Loss of Decedent's financial support, services, training and advice; and

d. Pecuniary value of the Decedent's society and companionship.

**WHEREFORE**, Plaintiff demands judgment against Defendant, PRINCESS, for damages suffered as result of their negligence and a trial by jury on all issues triable.

**COUNT II**

**(GROSS NEGLIGENCE AGAINST DEFENDANT PRINCESS)**

Plaintiff re-alleges all allegations set out in paragraphs 1 through 21 above as if alleged fully herein.

22. Defendant, Princess' corporate office's conduct in deciding to continue to sail the Grand Princess with Plaintiff, DONALD SATTLER, knowing that the ship was infected from two previous passengers who came down with symptoms of COVID-19, and had sixty two passengers on board with plaintiff who was previously exposed to those two infected individuals, along with the prior crew, shows wanton and reckless conduct on the part of Defendant, amounting to gross negligence. Defendant knew how dangerous it was to expose Plaintiff and the rest of its

passengers to COVID-19 in light of its experience with the Diamond Princess a short three weeks prior, and yet it departed from what a reasonably careful cruise line would do under the circumstances in continuing to sail with Plaintiffs.

23. Moreover, Defendant's corporate office's conduct in failing to warn Plaintiff of his actual risk of harm in being exposed to COVID-19, either prior to boarding or while he was already on board, in light of the prior passenger who came down with symptoms who ended up dying, along with others who came down with symptoms from that prior voyage, and the crew member who disembarked during this voyage from the virus, amounts to an extreme departure of a what a reasonably careful cruise line would do, in light of that fact that Plaintiff, DONALD SATTLER, was elderly.

24. Defendant, PRINCESS' corporate office chose to place profits over the safety of its passengers, crew and the general public in continuing to operate business as usual, despite their knowledge of the actual risk of injury to Plaintiff, DONALD SATTLER, who was elderly.

25. As a direct and proximate result of the gross negligence alleged above, DONALD SATTLER was pronounced dead on April 4, 2020. The Estate has suffered and will continue to suffer the following damages.

a. Loss of prospective net accumulations and;

b. Medical and funeral bills and expenses charged to the Estate; and

c. Punitive damages.

**WHEREFORE**, Plaintiff demands judgment against PRINCESS, including punitive damages suffered as a result of the alleged gross negligence on Defendant, and a trial by jury on all issues triable.

**DEMAND FOR JURY TRIAL**

The Plaintiff hereby demands a trial by jury of all issues so triable of right.

DATED this 31st day of July, 2020.

Michael A. Simmrin
SIMMRIN LAW GROUP
3500 W. Olive Avenue, Suite 300
Burbank, CA 91505
Tel.: (954) 476-1000
Fax: (424) 653-6564

By /S/ Michael A. Simmrin
MICHAEL A. SIMMRIN
California Bar No.238092

Debi F. Chalik (Pro Hac Vice Pending)
CHALIK AND CHALIK, P.A.
Attorneys for Plaintiff
10063 N.W. 1st Court
Plantation, Florida 33324
Tel.: (954) 476-1000
Fax: (954) 472-1173

By /S/ Debi F. Chalik
DEBI F. CHALIK
Florida Bar No. 179566